**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

LEGRESHA HENRY,

      Plaintiff,

vs.                                                 Case No.  3:26-cv-1239-MMH-LLL

UF HEALTH JACKSONVILLE
PHYSICIANS INC.,

      Defendant.

_____/

## ORDER

**THIS CAUSE** is before the Court <u>sua</u> <u>sponte</u>. Proceeding <u>pro</u> <u>se</u>, Plaintiff

Legresha Henry, initiated this action on May 11, 2026, by filing a Complaint for

a Civil Case (Doc. 1; Complaint). Upon review, the Court finds that the

Complaint constitutes an impermissible "shotgun pleading." In the analysis

that follows, the Court will discuss some of the problems with the Complaint

and provide Henry with the opportunity to file a corrected complaint consistent

with the Federal Rules of Civil Procedure (Rule(s)). Henry should carefully

review this Order and consider utilizing the resources available for <u>pro</u> <u>se</u>

litigants, cited below, before filing her corrected complaint. Failure to comply

with the pleading requirements set forth in this Order may result in the

dismissal of this action without further notice.

As a preliminary matter, the Court offers some general guidance for Henry as she drafts her corrected complaint. This guidance is not directed at particular deficiencies in the Complaint but instead is intended to be generally useful for Henry as she navigates the complexities of federal practice. While pro se complaints are held to a less stringent standard than those drafted by an attorney, Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), the pro se litigant is still required to "'conform to procedural rules.'" Riley v. Fairbanks Capital Corp., 222 F. App'x 897, 898 (11th Cir. 2007) (quoting Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002)).[1] The Rules require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). "'A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against [it] and the grounds on which it rests.'" Evans v. McClain of Ga., Inc., 131 F.3d 957, 964 n.2 (11th Cir. 1997) (quoted authority omitted). Despite Rule 8(a)'s liberal pleading requirement, "a complaint must still contain either direct or inferential allegations respecting

---

[1] All filings with the Court must be made in accordance with the requirements of the Rules and the Local Rules of the United States District Court for the Middle District of Florida (Local Rules(s)). The Local Rules are available for review at www.flmd.uscourts.gov, and a copy may be obtained by visiting the Clerk's Office. The Federal Rules of Civil Procedure are available online and in state court law libraries.

In citing to Riley, the Court notes that "[a]lthough an unpublished opinion is not binding … , it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

- 2 -

all material elements of a cause of action." Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) (emphasis omitted). Additionally, Rule 10 requires that, in a complaint, a plaintiff "state [her] claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Rule 10(b). Rules 8 and 10 work together "'to require the pleader to present [her] claims discretely and succinctly, so that [her] adversary can discern what [s]he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.'" Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (quoted authority omitted).

Significantly, a complaint may not run afoul of the Eleventh Circuit's prohibition against shotgun pleading.  See generally Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1321–23 (11th Cir. 2015) (outlining four broad categories of impermissible shotgun pleadings). The Eleventh Circuit has unequivocally instructed that shotgun pleadings are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph Cnty., 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable." (collecting cases)). Indeed, the Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." Weiland, 792

F.3d at 1321; see, e.g., id. at 1321 n.9 (collecting cases). Striking shotgun pleadings is more than just procedural formalism: as the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263. As such, when faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative and force the plaintiff to replead to the extent possible under Rule 11. See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also Weiland, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.").

Here, Henry does not set forth her factual allegations in numbered paragraphs nor does she sufficiently present a short and plain statement of her claim. Indeed, although Henry refers to "retaliation, unfair treatment and hostile environment," she includes only a few factual allegations and does not identify any legal basis for her claims. See Complaint at 4. As a result, both the Court and Defendant are left guessing as to what claims Henry asserts. This manner of pleading fails to comply with Rules 8 and 10, and ultimately fails "'to

- 4 -

give the defendant[] adequate notice of the claims against [it] and the grounds upon which each claim rests.'" See Tran v. City of Holmes Beach, 817 F. App'x 911, 913 (11th Cir. 2020) (quoting Weiland, 792 F.3d at 1323).

Moreover, Henry's Complaint is also an impermissible shotgun pleading because she "commits the sin of not separating into a different count each cause of action or claim for relief." Weiland, 792 F.3d at 1322–23; see, e.g., id. at 1323 n.13 (collecting cases). Indeed, Rule 10(b) requires that: "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . . must be stated in a separate count . . . ." Rule 10(b); see also Anderson v. Dist. Bd. of Trs. Of Cent. Fla. Cmty. College, 77 F.3d 364, 366 (11th Cir. 1996) (explaining that a properly drawn complaint "will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading" (footnote omitted)). In the Complaint, it appears that Henry may be alleging claims for discrimination, hostile work environment, and/or retaliation, but she does not separate any of these claims into identifiable counts. See generally Complaint. Discrimination, hostile work environment, and retaliation claims are each "founded on a separate transaction or occurrence" and require Henry to establish different facts. See Palmer v. Albertson's LLC, 418 F. App'x 885, 889 (11th Cir. 2011) (rejecting plaintiff's argument that he had adequately alleged a hostile work environment

claim where the complaint contained only two counts—disability discrimination and retaliation). As such, to the extent Henry alleges claims for discrimination, retaliation, and/or hostile work environment, Henry must plead each of these claims in a separately identifiable count.

Because the Complaint is an impermissible shotgun pleading, the Court will strike the filing and direct Henry to file a corrected complaint. See Holbrook v. Castle Key Ins. Co., 405 F. App'x 459, 460–61 (11th Cir. 2010) ("The district court has the inherent authority sua sponte to require the plaintiff to file a more definite statement."). In the corrected complaint, Henry must avoid the pleading deficiencies discussed above by (1) describing in sufficient detail the factual and legal basis for each of her claims, (2) setting forth her allegations in numbered paragraphs, and (3) setting forth each of her claims in a separately identifiable count. Importantly, when repleading with separate counts, Henry should also take care to avoid drafting a complaint in which she adopts or incorporates the allegations of preceding counts, as this also constitutes a form of impermissible shotgun pleading. See Weiland, 792 F.3d at 1321 ("The most common type [of shotgun complaint] … is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint."). Failure to comply with the Rules and this Order may result in the dismissal of this action without further notice.

Prior to filing her corrected complaint, the Court encourages Henry to consider consulting with a legal aid organization that offers free legal services, such as Jacksonville Area Legal Aid (JALA). Alternatively, the Jacksonville Federal Court Bar Association operates a Legal Information Program. Through that program, pro se litigants may meet with a lawyer for free to ask general questions about procedures governing cases in federal court. Henry may call the Clerk's Office at (904) 549-1900 to request an appointment. More information about the program is available on the Court's website at www.flmd.uscourts.gov/legal-information-program.[2]

Accordingly, it is

**ORDERED**:

1. Legresha Henry's Complaint for a Civil Case (Doc. 1) is **STRICKEN**.

---

[2] In preparing the corrected complaint and any future filings, the Court recommends that Henry visit the Court's website (www.flmd.uscourts.gov). Under the tab entitled, "For Litigants," there is a section entitled, "Litigants Without Lawyers." In this section, there are many resources available to pro se parties, including a Handbook called "Guide for Proceeding Without a Lawyer." If Henry does not have access to the internet, one free copy of the Handbook may be obtained by visiting or mailing the Clerk's Office and presenting this Order to the deputy clerk.

2. Henry shall file a corrected complaint[3] consistent with the directives of this Order on or before **July 24, 2026**. Failure to do so may result in a dismissal of this action.

**DONE AND ORDERED** in Jacksonville, Florida this 1st day of July, 2026.

MARCIA MORALES HOWARD
United States District Judge

Lc35

Copies to:

Pro se party

---

[3] The filing of the corrected complaint does not affect any right Henry may have to amend as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1).